NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 24, 2016
Decided September 6, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3033

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-CR-30034 |
| KEVIN LAMAR SMITH, *Defendant-Appellant*. | Michael J. Reagan, *Chief Judge*. |

**O R D E R**

On February 20, 2015, Kevin Lamar Smith pled guilty to being a felon in possession of a weapon. He and the government disagreed as to whether he had three prior convictions that met the criteria for triggering an enhanced sentence under the Federal Armed Career Criminal Act. Under the Act, a court must impose a sentence of fifteen years on any defendant who is a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g), and has three or more previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Smith contends that one of his prior convictions, for burglary under Missouri law, does not qualify as a violent felony under the Act.

On June 23, 2016, the Supreme Court issued a decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), which clarified the manner in which a sentencing court determines whether a defendant's prior conviction qualifies as a violent felony for purposes of the enhanced sentence. In light of *Mathis*, the government now concedes that it is unable to demonstrate that Smith's conviction for second-degree Missouri Burglary qualifies as a predicate felony under the Act. We therefore VACATE Smith's sentence and REMAND for re-sentencing.